**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Brett B. Goodman** (SBN 260899)
213.374.3543 | bgoodman@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Verizon Wireless Services, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BOHLKE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>VERIZON WIRELESS SERVICES, LLC<br><br>　　　　Defendant. | Case No.: 2:16-cv-04620<br><br>[Removal from the Superior Court of California for the County of Los Angeles, Case No. 16K05833]<br><br>**DEFENDANT VERIZON WIRELESS SERVICES, LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(C), AND 1446**<br><br>[FEDERAL QUESTION] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Verizon Wireless Services, LLC ("Defendant") hereby removes the action described below from the Superior Court of California for the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

**I.   THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

On or about May 13, 2016, plaintiff Robert Bohlke ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles ("Superior Court"), entitled *Robert Bohlke v. Verizon Wireless Services, LLC,* Case No. 16K05833. In the Complaint, Plaintiff alleges, among other things, that Plaintiff closed his account with a zero balance, but Defendant subsequently sold his account with a balance to a debt collector. Complaint, ¶¶ 4-7. Based on these allegations, Plaintiff asserts two causes of action against Defendant: (1) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788 *et seq.*; and (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The Complaint is attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

Because this action arises under federal law (the FDCPA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Further, this Court has supplemental jurisdiction over Plaintiff's state law claim (the RFDCPA), which forms part of the "same case or

controversy" pursuant to 28 U.S.C. § 1367(a). Specifically, like Plaintiff's FDCPA claim, Plaintiff's state law claim also alleges that Plaintiff closed his account with a zero balance, but Defendant subsequently sold his account with a balance to a debt collector. Complaint, ¶¶ 11-12. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about May 13, 2016, Plaintiff filed this action in the Superior Court of California for the County of Los Angeles. Defendant was served with the Complaint on May 25, 2016. This Notice of Removal is timely in that it was filed within 30 days from the time Defendant had notice that the action was removable, and less than a year after the commencement of the action. *See* 28 U.S.C. § 1446(b).

The Superior Court of California for the County of Los Angeles is located within the United States District Court for the Central District of California. *See* 28 U.S.C. § 84(c)(2). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the Superior Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

///

– 4 –

WHEREFORE, Defendant respectfully removes this action from the Superior Court of California for the County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED: June 24, 2016

YU | MOHANDESI LLP

By _____
B. Ben Mohandesi
Jordan S. Yu
Brett B. Goodman
Attorneys for Defendant
Verizon Wireless Services, LLC

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Yu | Mohandesi LLP, 633 West Fifth Street, Suite 2800, Los Angeles, CA 90071. On June 24, 2016, I served the following document(s) by the method indicated below:

**DEFENDANT VERIZON WIRELESS SERVICES, LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(C), AND 1446**

|   | |
|---|---|
|   | by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was ordered by the Court. |
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
|   | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
|   | by having the document(s) listed above hand-delivered to the person(s) at the address(es) set forth below. |
|   | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business to the address(es) set forth below. |
|   | by emailing the document(s) listed above to the person(s) at the address(es) set forth below. |

## *Plaintiff's Counsel*

Todd M. Friedman
Adrian R. Bacon
Meghan E. George
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 24, 2016, at Los Angeles County, California.

_____
Diana Choe