# EXHIBIT A

**COPY**

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff



CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAY 13 2016

Sherri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

5/25/16
8:05

BY FAX

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
LIMITED JURISDICTION

| | |
|---|---|
| ROBERT BOHLKE, | Case No. 16K05833 |
| Plaintiff, | COMPLAINT FOR |
| -vs- | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| VERIZON WIRELESS SERVICES, LLC, | 2. Violation of Fair Debt Collection Practices Act |
| Defendant. | (Amount not to exceed $10,000) |
| | Jury Trial Demanded |

## I. INTRODUCTION

1. This is an action for damages brought by Plaintiff ROBERT BOHLKE for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq. (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2. Plaintiff, ROBERT BOHLKE ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

Complaint - 1

3. At all relevant times herein, Defendant, VERIZON WIRELESS SERVICES, LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

### III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant sold the alleged outstanding debt to a debt collection company.

5. Prior to March 29, 2014, Defendant took possession of a debt that Plaintiff had.

6. Approximately three years prior to Defendant's contact with Plaintiff, Plaintiff switched carriers after his contract with Defendant has expired.

7. Despite Plaintiff's termination with his contract with Defendant, and doing so with zero balance, Defendant proceeded to sell Plaintiff's alleged debt to other debt collection companies. Not only was Defendant made aware of Plaintiff's termination of their contract, but Plaintiff informed Defendant multiple times of his status. Despite this, Defendant will not cease to collect on Plaintiff's account.

8. As a result of Defendant's actions, Plaintiff have retained counsel. A notice of representation was sent to Defendant on October 21, 2015. Defendant has failed to respond at this time.

9. Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

...

c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

e) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

10. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

12. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;

    B. Statutory damages for willful and negligent violations;

    C. Costs and reasonable attorney's fees; and

    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages;

    C.    Costs and reasonable attorney's fees; and,

    D.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 7th day of May, 2016.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff